IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED ASSET COVERAGE, INC., )
)
              Plaintiff, )
)
v. )   No. 05 C 4350
)
AVAYA, INC., )
)
             Defendant. )

## MEMORANDUM ORDER

Although carefully drafted in principal part, the August 25 Answer of Avaya, Inc. ("Avaya") to the charges of antitrust and common law violations brought against it by United Asset Coverage, Inc. ("United Asset") contains several departures from sound federal pleading principles. This memorandum order is issued sua sponte to send Avaya's counsel back to the drawing board to correct those flaws.

To begin with, counsel have inexplicably departed from the clear standard deliberately marked out by the second sentence of Fed. R. Civ. P. ("Rule") 8(b) as the prerequisite to obtaining the benefit of a deemed denial of United Asset's allegations. Those departures, which omit the vital component of "belief" that makes a good faith disclaimer more difficult, are pervasive (see Answer ¶¶4, 12, 24, 25, 30-33, 35-41, 44, 45, 50, 56, 63, 66, 69, 70, 72 and 74). In that regard see App. ¶1 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 278 (N.D. Ill. 2001). All of the defective disclaimers identified here are therefore

stricken, albeit with leave granted to replead.

Next, Avaya's counsel have taken the mistaken position that allegations of law require no answer--see the first sentence of Rule 8(b) and App. ¶2 to State Farm. Hence Answer ¶¶14, 15, 87 and 101 are also stricken, once more with leave granted to replead.

Next, "to the extent" assertions in a responsive pleading are a sure tipoff to the statement of an uninformative position that defeats the purposes of notice pleading. They impermissibly leave the reader to guess what the pleader claims to be incorrect or improper and what the pleader intends to leave unchallenged. Those allegations in Answer ¶¶51, 52 and 65 and in Affirmative Defense ("AD") 6 are stricken as well.

Finally the ADs present a mixed bag in terms of their compliance or noncompliance with the principles of Rule 8(c) and its implementing caselaw (see App. ¶5 to State Farm). Although Avaya's counsel will not be required to engage in a total revamping, at a minimum AD 5 is stricken as insufficiently informative in notice pleading terms, without prejudice to the possible reassertion of one or more of the listed defenses if properly fleshed out.

In terms of curative measures when such a responsive pleading is addressed, this Court's normal procedure is to strike the entire answer so that a self-contained Amended Answer can be

filed for more convenient reference.  In this instance the length of such a self-contained pleading would require the felling of more trees to the detriment of the environment, so that Avaya's counsel are granted leave to file an appropriate amendment to the Answer in this Court's chambers (with a copy being transmitted contemporaneously to United Asset's counsel) on or before September 12, 2005.  And in the interest of economy, that amendment can contain a single assertion that follows faithfully the roadmap in Rule 8(b)'s second sentence and refers to all paragraphs of the present Answer that can properly contain such disclaimers in objective good faith.

Finally, even though this is a very minor item in a case of this magnitude, there is no reason that Avaya should pay twice for the correction of counsel-generated errors.  No charge is to be made to Avaya by its counsel for the added work and expense incurred in correcting those errors.  Avaya's counsel are ordered to apprise their client to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

                                          */s/ Milton I. Shadur*
                                          Milton I. Shadur
                                          Senior United States District Judge

Date:  August 29, 2005